# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL RASHEEM MCCLENNY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18cv00221 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER MEADOWS, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | Chief United States District Judge |

Daniel Rasheem McClenny, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, against Correctional Officer Meadows, alleging that Officer Meadows used excessive force against him. Officer Meadows filed a motion for summary judgment and this matter is ripe for disposition. After reviewing the record, the court will deny Officer Meadows' motion for summary judgment.

**I.**

On January 4, 2018, while housed at River North Correctional Center ("River North"), McClenny was involved in a physical altercation with other inmates in his housing unit. McClenny avers that as soon as officers arrived, he "immediately" complied with their orders, was restrained in handcuffs behind his back, and was escorted to an isolation cell. McClenny states that during his escort to the isolation cell, Officer Meadows employed a "restraint technique" which involved bending McClenny's fingers backwards. When Officer Meadows did this, McClenny involuntarily cried out in pain. Instead of relieving the pressure, Officer Meadows then applied "even more force" when he "twisted" McClenny's fingers and bent them even further back until two of them broke.

McClenny was taken to the medical unit and then to the hospital, where it was determined that he suffered a fracture and "severe angulation." McClenny had surgery on one of his fingers and his entire hand was placed in a cast.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. See id. at 255; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

## III.

Officer Meadows argues that McClenny failed to exhaust available administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). For the reasons stated herein, the court finds that administrative remedies were not available to McClenny and,

2

therefore, will deny defendant's motion for summary judgment.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy, or effective, Porter, 534 U.S. at 524, and even if exhaustion would be futile because those remedies would not provide the relief the inmate seeks. Davis v. Stanford, 382 F. Supp. 2d 814, 818 (E.D. Va. 2005). Failure to exhaust all levels of administrative review is not proper exhaustion and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. Moore v. Bennette, 517 F.3d 717, 725, 729 (4th Cir. 2008); see Langford v. Couch, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he second PLRA amendment made clear that exhaustion is now mandatory."). But, the court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); see Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517

3

F.3d at 725.

Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") § 866.1 is the mechanism used to resolve inmate complaints and requires that, before submitting a formal grievance, an inmate must demonstrate that he has made a good faith effort to resolve a grievance informally through the procedures available at the institution, to secure institutional services or resolve complaints.

If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. Prior to review of the substance of a regular grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. Among other requirements, a regular grievance may only contain one issue and generally must be submitted within thirty days from the date of the occurrence or incident. A grievance meeting the criteria for acceptance is logged in on the day it is received. If the grievance does not meet the criteria for acceptance, prison officials complete the "intake" section of the grievance and return the grievance to the inmate. If the inmate desires a review of the intake decision, he must send the grievance form to the Regional Ombudsman.

The incident at issue took place on January 4, 2018. On January 24, 2018, McClenny filed an informal complaint, stating that Officer Meadows broke two of his fingers during the January 4, 2018 escort. On Janaury 26, 2018, an investigator responded to the informal complaint, advising that a review of the video did not show any such assault on McClenny. On February 14, 2018, McClenny filed a regular grievance concerning the incident. On February 15, 2018, the regular grievance was rejected at intake because it was untimely filed. McClenny appealed and the Regional Ombudsman upheld the intake decision on February 22, 2018.

Officer Meadows argues that McClenny failed to properly exhaust his available administrative remedies because his regular grievance was untimely filed. In a second informal complaint filed February 14, 2018, McClenny stated that he had asked for help filing a regular grievance, but that no one would help and that he could not write the grievance himself because the cast was on his writing hand and "it hurt[] bad." Officer Meadows argues that McClenny's assertion is "incredible" because he was able to file the informal complaint within the thirty-day deadline, and he had more than a week left to timely filed a regular grievance when he received the informal complaint response. In response to Officer Meadows motion, McClenny avers that while he was in the infirmary, another inmate wrote the informal complaint for him, but that after he received the response to the informal complaint, the other inmate had been moved and was no longer able to help him. McClenny further avers that he "had no one to help" him, but that he submitted his regular grievance "as soon as [his] fingers healed." Officer Meadows does not refute these statements. The court cannot find that administrative remedies were available to McClenny where he was physically unable to exhaust remedies and could not obtain assistance, especially considering it was the very injury he complained of that delayed him in filing a grievance. See e.g., Basham v. Corr. Med. Servs., No. 5:06cv604, 2007 U.S. Dist. LEXIS 66423, at *13, 2007 EL 2481338 (S.D. W. Va. Aug. 29, 2007). Accordingly, the court denies Officer Meadows' motion for summary judgment and will set this matter for a jury trial.

**ENTER**: This 29th day of July, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge