IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL RASHEEM MCCLENNY, </br>    Plaintiff </br>v. </br> </br>OFFICER STEVE WAYNE MEADOWS, </br>    Defendants. | ) </br>)  Civil Action No. 7:18-CV-221 </br>) </br>) </br>)  By: Hon. Michael F. Urbanski </br>)  Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on a motion in limine filed by plaintiff Daniel Rasheem McClenny, ECF No. 40, and a motion in limine filed by defendant Officer Steve Wayne Meadows ("Officer Meadows"), ECF No. 52. McClenny seeks to exclude at trial the number and nature of his previous felony convictions as irrelevant and unduly prejudicial evidence. Officer Meadows seeks to exclude at trial any reference to allegations that he physically assaulted an inmate at any time subsequent to the incident at issue involving McClenny on January 4, 2018 as irrelevant, unreliable, and unduly prejudicial evidence. The issues have been fully briefed and the court heard argument on both motions on August 14, 2020.

For the reasons stated in court and articulated below, the court **GRANTS in part** and **DENIES in part** the motion in limine filed by McClenny and takes **UNDER ADVISEMENT** the motion in limine filed by Officer Meadows pending production of documentation detailing allegations of excessive force made against Officer Meadows.

I.

McClenny brought suit under §42 U.S.C. 1983, complaining of an incident that occurred at River North Correctional Center. He claims that on January 4, 2018, Officer

Meadows violated his Eighth Amendment rights by using excessive force in restraining McClenny after an altercation with another prisoner. ECF No. 1, at 3.

Officer Meadows does not dispute that he bent McClenny's fingers back in an authorized restraint technique. Id. McClenny claims Officer Meadows applied excessive force in executing that technique. He stated he cried out in pain and that his body reflexively resisted the use of force. Id. His reaction triggered Officer Meadows to bend McClenny's fingers even further back. Id. McClenny ultimately suffered two fractures and severe angulation of his fingers from the interaction. Id. Surgery was required on one fractured finger. Id.

McClenny filed this lawsuit on May 17, 2018. ECF No. 1. On October 26, 2018, Officer Meadows filed for summary judgment, requesting all claims be resolved in his favor, which the court denied. Meadows Mot. for Sum. J., ECF No. 21; Order, ECF No. 30. On February 10, 2020, Officer Meadows filed the motion in limine at issue, seeking to exclude at trial excessive force allegations made against him. Meadows Mot. in Limine, ECF No. 40. Specifically, Officer Meadows seeks to exclude an alleged instance of excessive force that occurred approximately eight (8) months after McClenny's altercation.[1] In that incident, Officer Meadows was accused of using excessive force on a different inmate, resulting in injuries to that inmate's shoulder. On July 26, 2019, he was indicted in the Circuit Court of Grayson County for malicious wounding, in violation of Virginia Code §18.2-51; but on January 24, 2020, the indictment was dismissed by order of nolle prosequi. Mem. in Support

---

[1] In his opposition to Office Meadows' motion in limine, McClenny argues for his right to introduce two instances of alleged excessive force: (1) an incident with an inmate that occurred eight months after his injury; and (2) an incident underlying the Grayson County indictment for malicious wounding. However, at the hearing, counsel for McClenny confirmed that the incident that occurred eight months after McClenny's is the same one underlying the indictment. As McClenny does not have additional information regarding the facts giving rise to the indictment, he conceded that the two supposed instances might be the same.

2

of Mot. in Limine, ECF No. 41, at 2. As of the hearing on the instant motions, neither party had additional details about the underlying incident.

On February 10, 2020, McClenny made an oral motion to appoint counsel, ECF No. 44, which the court granted, ECF No. 45. On May 6, 2020, McClenny filed his motion in limine, seeking to preclude the number and nature of his previous felony convictions and charges from use at trial. ECF No. 52. McClenny was convicted in 2012 for assault. In 2013 he was convicted of rape and aggravated sexual battery of a minor. He has also been charged with malicious wounding, attempted robbery, armed common law burglary, conspiracy to commit a felony, and felonious use of a firearm; however, the final dispositions of these charges have not been verified. ECF No. 53, at fn. 1. McClenny is currently incarcerated at Lawrenceville Correctional Center and has a release date set for October 4, 2040.

## II.

Officer Meadows filed a motion in limine to exclude the introduction of excessive force allegations against him at trial. McClenny argues he should be able to introduce one specific allegation of excessive force, while reserving the right to introduce others should they be uncovered during discovery. He seeks to use as evidence accusations that Officer Meadows applied excessive force in executing "a takedown" eight months after his own incident, which resulted in injuries to another inmate's shoulder. ECF No. 41, at 2. McClenny argues this specific act is admissible as evidence of Officer Meadows' state of mind and lack of mistake.

Counsel for Officer Meadows represented that this alleged instance predicated his Grayson County indictment for malicious wounding. Six months after the indictment, the case was dismissed <u>nolle prosequi.</u> Officer Meadows believes the underlying incident is irrelevant

because it did not involve application of the "keylock procedure"[2] at issue in this case. Id. Moreover, he claims McClenny is attempting to paint Officer Meadows as a bad actor using the specific instance as impermissible character evidence. Finally, he argues that dismissal of the indictment and the fact that neither party can confirm the veracity of the underlying allegations renders the evidence unreliable. Officer Meadows believes that permitting evidence about these prior unsubstantiated allegations would impermissibly besmirch Officer Meadows' character in the eyes of a jury. Accordingly, Officer Meadows believes this evidence should be excluded under Federal Rules of Evidence ("FRE") 401, as irrelevant, 404(b), as improper character evidence, and FRE 403, as unduly prejudicial. Id., at 1.

First, he claims that since the allegations of excessive force giving rise to the indictment did not involve application of the "keylock procedure" he had used against McClenny and resulted in injuries of a different kind, the allegations are irrelevant and inadmissible under FRE 401.[3] The court finds this argument unavailing. Credible evidence that a correctional officer exceeded the bounds of permissible force against an inmate a second time is relevant to an excessive force claim, regardless of the specific restraint technique used or injuries sustained. If substantiated, the allegations would support the fact that Officer Meadows intended to use excessive force, and that the injuries he inflicted on McClenny were not the result of an accident.

---

[2] This procedure refers to the authorized restraint technique applied on McClenny of bending a subject's fingers backwards.

[3] Fed. R. Evid. 401: Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Fed. R. Evid. 402: Irrelevant evidence is not admissible.

4

Second, Officer Meadows claims that McClenny seeks to introduce the subsequent incident as improper character evidence in violation of FRE 404(b), used to suggest Officer Meadows acted in conformity with his bad character.[4] However, while FRE 404(b) forbids using specific bad acts as evidence of bad character, it permits their use to prove motive, opportunity, intent, preparation, knowledge, lack of an accident, or absence of a mistake. See Fed. R. Evid. 404(b). As such, the facts of the subsequent incident are potentially admissible as evidence of Officer Meadows' intent and the lack of mistake in his application of force.

Third, Officer Meadows argues that even if the bad acts are admissible under FRE 401 and 404(b), they must be excluded under FRE 403, as unduly prejudicial. He claims that the nature of correctional facility work entails accruing many, often baseless, allegations of excessive force and so the probative value of any one allegation is substantially outweighed by the prejudice against him under FRE 403.[5] He argues that a jury would not be privy to the nature of correctional work and would place undue importance on the existence of a single, unsubstantiated claim of excessive force. Additionally, Officer Meadows points to the fact that McClenny cannot show that the allegation was credible. He remonstrates against the use of an indictment that was dismissed by order of nolle prossequi, arguing that this exercise of

---

[4] Fed. R. Evid. 404(b): (b) Crimes, Wrongs, or Other Acts.
(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.
[5] Fed. R. Evid. 403: The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

5

prosecutorial discretion is fatal to the allegation's credibility. ECF No. 41 at 4; See Va. Code § 19.2–265.3 (providing that "[n]olle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown"); United States v. Blevins, 892 F. Supp. 2d 754, 757 fn. 4 (E.D. Va. 2012) (stating that the prosecutor has discretion to exercise the right to dismiss charges nolle prosequi). He argues further that McClenny's only support for the allegation is the existence of a supposed report that neither party has had the opportunity to review. In sum, he maintains that permitting such unreliable evidence would be prejudicial, contravening FRE 403.

Although the court finds that specific instances of excessive force used against an inmate potentially may be relevant to the case to demonstrate intent and lack of mistake under FRE 404(b), it agrees with Officer Meadows that the allegations must be credible to be admissible. McClenny must do more than gesture to the existence of these allegations to overcome the FRE 403 barrier of undue prejudice. While the allegations may be admissible even if the prosecution was dismissed and Officer Meadows was not convicted, the court cannot admit the vague allegation without additional documentation supporting its veracity.

The court thereby takes the motion in limine **UNDER ADVISEMENT**, pending production of all records related to allegations of excessive force made against Officer Meadows in the two years prior to and the two years after the McClenny incident. The court invites the parties to provide supplemental briefing on the issue after reviewing the records procured relating to these incidents by October 31, 2020, at which juncture the court will revisit the issue of their admissibility.

### III.

McClenny seeks to exclude his criminal history from use at trial as irrelevant to the claims at hand and unduly prejudicial. First, he states that the case is focused on a correctional officer's alleged use of excessive force on an inmate, and so the aggrieved party's criminal history has no bearing on the merits of the claims under FRE 401. Second, he claims that under FRE 403, the probative value of the evidence is substantially outweighed by its undue prejudice. Namely, even if Officer Meadows had a permissible theory of relevance to introduce McClenny's criminal history, the evidence must still be excluded because the number and nature of his previous felonies would unfairly prejudice him in the eyes of the jurors. Officer Meadows argues that under FRE 609, he is entitled to introduce McClenny's criminal history to attack his credibility, including the number and nature of his felony convictions, because each of his prior convictions occurred within the past ten years.[6]

The court finds that under FRE 609, the fact that McClenny is a convicted felon is relevant and admissible to undermine his credibility, but that under FRE 403, the number and nature of his convictions is unduly prejudicial and therefore inadmissible. First, the court finds that McClenny's previous convictions are not for crimes of dishonesty and therefore have little bearing on his capacity for truthfulness as a witness. See Fed. R. Evid. 609 Conference Report on Rule 609(a) (explaining that crimes of dishonesty involve some form of deceit). The Fourth

---

[6] Fed. R. Evid. 609:
(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case
(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

7

Circuit has held that Rule 609(a)(2) covers only "a narrow class of crimes which by their nature bear directly upon the witness' propensity to testify truthfully." United States v. Kelly, 510 F.3d 433 (4th Cir. 2007); see also United States v. Collier, 527 F.3d 695 (8th Cir. 2008) (specifying that crimes of dishonesty contain an element of deceit which is associated with convictions like perjury).

Second, the court finds that the statutory names and details of the convictions would be unduly prejudicial to McClenny because of the genuine risk that the jury would perceive this information as character evidence. Joyner v. O'Neil, No. 3:10CV406, 2012 WL 2576355, at *5 (E.D. Va. July 3, 2012) (finding plaintiff-inmate's prior convictions of robbery, use of a firearm, abduct with intent to extort money, armed statutory burglary, and aggravated malicious wounding were likely to be seen as violent offenses and evidence of bad character and were otherwise irrelevant to the question of plaintiff's capacity for truthfulness in an 8th Amendment excessive force case). Additionally, the court finds that the number of convictions carries a similar prejudicial effect, bearing little weight on the plaintiff's credibility to testify while carrying the potential of painting him as an individual with bad character. Id. In a case bearing heavily on the jury's likelihood of crediting one party's version of events over the other's, the impact of character bias is significant. In particular, the court is cognizant of the highly stigmatized nature of sexual assault crimes, especially those involving a minor, and find that the risk of bias arising from these offenses is especially concerning. Moreover, the court finds that a limiting instruction is unlikely to cure the defect.

Officer Meadows will not be permitted to introduce or allude to the specific nature of the crimes, the number of convictions, or the length of the sentence McClenny is facing.

Should McClenny testify at trial, Officer Meadows will be permitted to cross-examine McClenny on whether he is a convicted felon, as the fact of his convictions goes to his credibility as a witness, but not the details of his convictions. Given that the incident occurred in a state correctional facility, the court notes that the jury is already on notice that the plaintiff in this suit was incarcerated.

## IV.

For the reasons stated above, the court **GRANTS in part** and **DENIES in part** the motion in limine filed by McClenny and takes **UNDER ADVISEMENT** the motion in limine filed by Officer Meadows, pending production of supplementary documentation. The court **DIRECTS** Officer Meadows to procure to McClenny within 14 days any documentation referencing allegations of excessive force made against Officer Meadows in the period two years before and two years after the incident at issue in this case. The court further **DIRECTS** Officer Meadows to redact from the documents sensitive information that might compromise the security of any person or the institution. The court **GRANTS** each party the opportunity to file supplemental briefing on the issue of Officer Meadows' motion in limine by October 31, 2020. The briefs may reference the records produced by Officer Meadows and, as appropriate, defendant may move to have the documents filed under seal.

An appropriate Order will be entered.

Entered: September 24, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.24 10:57:21 -04'00'

Michael F. Urbanski
Chief United States District Judge